## Case No. 16,102.
UNITED STATES v. QUANTITY OF
MANUFACTURED TOBACCO.

[10 Ben. 9.][1]

District Court, S. D. New York.  June, 1878.

BONDS—SURETY—NOTICE OF DECREE — APPROVAL
OF SECURITY ON APPEAL.

In an action against property for violation of
the internal revenue laws, L. appeared as
claimant of the property seized and gave a
stipulation with O. as surety in which L. was
named as proctor of the claimant. The de-
cree in the district court being in favor of the
United States, L. took the case by writ of er-
ror to the circuit court, and gave his own per-
sonal bond on the writ of error, which was ap-
proved by the judge in the usual form. The
decree was affirmed by the circuit court and a
writ of error was taken to the supreme court,
on which L. again gave his personal bond
without surety by consent of the district attor-
ney; and this bond was also approved by the
judge in the usual form. The supreme court
affirmed that decree and a final decree was en-
tered, and an order was made that notice be
given to the sureties on the first stipulation to
perform their stipulation or show cause why
execution should not issue against them. Oth-
er proctors had during the progress of the
cause been substituted for S. and this notice
was served on such other proctors, who had
agreed to notify O. of the entry of any decree.
They failed to do so, however, and O. had in
fact no notice, and an order was made by de-
fault that execution issue and it was issued ac-
cordingly. O. thereupon applied to open the de-
fault and to be allowed to come in and show
cause and that the execution be set aside,
claiming that the taking of the bonds on the
appeals without surety and with the approval
of the district attorney had discharged him,
and that L. had given to the plaintiff $75,000
in government bonds as further security,
which bonds it was alleged had been stolen:
Held, that the default against the surety might
be opened if he had shown any meritorious de-
fence, but that the facts put forward by him
furnished no defence against his liability on
the stipulation.

D. McMahon, for petitioner.
Mr. Hill, Asst. U. S. Dist. Atty.

CHOATE, District Judge. This was an in-
formation for violation of the internal reve-
nue laws. The claimant, C. N. Lilienthal,
gave a stipulation for value with one Olwell
as one of his securities in the sum of $104,-
000. The stipulation was in the usual form
and named Stephen D. Stephens, Jr., as proc-
tor for the claimants, to whom notice of the
order or decree of this court or the appellate

court was to be given. The decree in this
court being for the plaintiff, the claimant took
the case by writ of error to the circuit court
and gave his own personal bond on the writ
of error, which was approved by the judge in
the usual form, he being then responsible for
the amount. The decree in the circuit court
was for the plaintiff and the claimant took
the case on writ of error to the supreme court
and gave his own personal bond on the writ
of error without surety. [Case unreported.]
On this bond the district attorney made the
following endorsement: "I agree to accept
the foregoing bond of the claimant without
sureties as a sufficient bond to secure costs
in the supreme court on a writ of error to
the circuit court in this action and as estab-
lishing the present sufficiency of the claimant
and his responsibility for the amount of the
value of the property condemned secured by
bond in the district court, but not to affect
the obligation of such bond on the claimant
and sureties thereon." And the attorneys for
the claimant wrote under this endorsement:
"The foregoing bond is understood by the
obligor to be given on the terms and with the
effect mentioned in the foregoing acceptance
of the United States attorney." This bond
was also approved by the judge in the usual
form.

The supreme court affirmed the decree be-
low and a final decree was entered and an
order was made that notice be given to the
stipulators in the stipulation given in this
court to perform their stipulation or to show
cause why execution should not issue against
them. The notice was given, not to Ste-
phens, who is named as proctor for the claim-
ants in the stipulation, but to other proctors
who had been substituted for him as proc-
tors for the claimants and had carried on the
defence of the subsequent proceedings.

It appears by the affidavit of Olwell that he
had made an arrangement with these substi-
tuted proctors to be notified by them when-
ever they received notice of the entry of the
decree, but they failed to give him notice and
he had no notice in fact, and the substituted
attorneys of the claimant did not attend upon
the return of the order to show cause.

Olwell, one of the sureties in the stipula-
tion, now moves to open the default and to
be allowed to come in and show cause why
execution should not issue against him, and
he also moves that the execution be set aside.
If the surety showed any meritorious grounds
on which if the default were opened he could
be relieved, it would be proper to grant the
motion to open the default, as it appears that
he had no notice in fact. There was no ir-
regularity in serving the notice on the substi-
tuted proctors for claimants. They were the
proper persons to receive the notice. The
surety so understood it himself, as is shown
by the arrangement made with them for no-
tice from them to him.

The only grounds on which upon the merits
the surety claims to be relieved are:

[1][Reported by Robert D. Benedict, Esq., and
Benj. Lincoln Benedict, Esq., and here re-
printed by permission.]

that the plaintiff by taking the bonds of the claimant without sureties on the appeals discharged the sureties in the stipulation; secondly, that the qualified consent or acceptance endorsed by the district attorney on the bond given on error to the circuit court discharged the sureties in the stipulation; and thirdly, that the giving by the claimant to the plaintiff of $75,000 in government bonds as further security after the execution of the stipulation, which further security it is alleged was exacted by the plaintiffs as a condition to their giving their consent to the claimant's continuing his business, discharged the sureties in the stipulation.

As to the first and second grounds it is clear that the bonds taken complied with the statute, which provides that "every justice or judge signing a citation or any writ of error, shall, except, etc., take good and sufficient security." Rev. St. § 1000. The question of the sufficiency of the security must be determined by the judge. Brockett v. Brockett, 2 How. [43 U. S.] 258. There is no statute requiring one or more sureties if the bond offered is approved as sufficient. And if the bond is approved as sufficient it is immaterial that the district attorney may have assented to it, or may have given a qualified or restricted assent.

The position taken by Olwell is that by taking bonds without sureties and bonds thus assented to by the district attorney without his (Olwell's) assent, the terms of the undertaking in which he was bound as surety were altered, or at least that there was an implied covenant on the part of the United States with him that they would not take any proceedings with the principal which would increase the risks of the sureties or affect their remedy against the principal; that when Olwell entered into the stipulation for value it contemplated that he must pay when the district court rendered judgment of condemnation, or when the appellate court so ordered, if any appeal intervened;—that the appeal contemplated was the usual appeal with the usual security to stay the judgment, if there should be a stay, as provided for under existing laws; that it contemplated the giving of bonds on appeal with sufficient sureties, whose obligations would enure to the benefit of the sureties in the stipulation given below as between them and the principal.

If the petitioner were entirely correct in his view of the rights of the surety as to the implied covenant that the bond on appeal should be a proper bond according to existing law, it is entirely clear that the appeal was in the usual form and the security taken on appeal was such as existing laws provided for. It is not necessary therefore to consider whether the mere neglect of the government to enforce the decree below pending the appeals would have discharged the surety if it had appeared that one of the bonds given on appeal had been defective and such as would not operate as a supersedeas.

As to the alleged deposit of bonds, if it was made and the bonds were afterwards stolen, as the affidavits tend to show, it is not perceived that the deposit or the loss of the bonds can have had any effect upon the obligation of the sureties in this stipulation.

Motion denied.